UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KUSUMA NIO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Civil Action No. 17-998 (ESH) |

### MEMORANDUM OPINION

Before the Court is plaintiffs' amended motion for class certification. Plaintiffs are non-citizens serving in the United States Army's Selected Reserve of the Ready Reserve who enlisted under the United States Department of Defense's Military Accessions Vital to the National Interest ("MAVNI") program and who have applied for naturalization pursuant to 8 U.S.C. § 1440, which provides an expedited path to citizenship for soldiers who serve during specified periods of hostilities. They brought this action against (1) the United States Department of Homeland Security ("DHS") and its Acting Secretary, Elaine C. Duke, the United States Citizen and Immigration Service ("USCIS") and its Acting Director, James McCament (collectively "DHS Defendants"); and (2) the United States Department of Defense ("DOD") and its Secretary, James Mattis (collectively "DOD Defendants"). Plaintiffs bring multiple claims under the Constitution and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, seeking mandamus, declaratory relief, and injunctive relief. Plaintiffs challenge (1) DHS's/USCIS's decision to await DOD's completion of the enhanced security screening of MAVNI enlistees

prior to their shipment to basic training or active-duty service ("DHS/USCIS Security Screening Requirement"), *see Nio v. United States Dep't of Homeland Sec.*, No. 17-cv-998, 2017 WL 3917006, at *1–5 (D.D.C. Sept. 6, 2017), and (2) DOD's October 13th Guidance that required the recall and de-certification of USCIS Form N-426, which is a form necessary for a MAVNI's naturalization application under 8 U.S.C. § 1440. (Defs.' Weekly Status Report, Oct. 13, 2017, ECF No. 58, Ex. 1 ("10/13/2017 Guidance") at 4.) Plaintiffs seek to certify a class, under Federal Rule of Civil Procedure 23(b)(1) or (2), consisting of all persons who (1) enlisted in the Selected Reserve, (2) have served honorably in the military "through participation in at least one Selected Reserve drill period or in an active-duty status," (3) have received a Form N-426 certifying their honorable service, (4) have submitted N-400 Applications for Naturalization to USCIS, and (5) are being subjected to the DHS/USCIS Security Screening Requirement and Section III of DOD's October 13, 2017 Guidance regarding N-426s. (Pls.' Am. Mot. For Class Certification and Appointment of Class Counsel, Oct. 20, 2017, ECF No. 62, ("Class Mot.") at 1.)[1] For the reasons stated herein, the motion is granted with a modified class definition.

## BACKGROUND

The factual background and procedural history in this case has been set out in detail in the Court's previous September 6, 2017 Memorandum Opinion denying plaintiffs' request for a preliminary injunction, *Nio*, 2017 WL 3917006, at *7–8, and the Court's previous October 25, 2017 Memorandum Opinion in the related case of *Kirwa v. Dep't of Def.*, 17-cv-1793, ECF No. 29, granting those plaintiffs' request for a preliminary injunction. The only factual development

---

[1] Two of the named plaintiffs have been naturalized, but that does not render the claims of the class moot. *See Thorpe v. D.C.*, 916 F. Supp. 2d 65, 66 (D.D.C. 2013).

relevant to the class-action inquiry is DOD's release of the October 13th Guidance. In that document, DOD sets forth criteria in Section III as follows:

> *Decertification and Recertification.*
> The Military Department concerned will recall and de-certify the Form N-426 for a Service Member described below:
>
> 1. The Service Member's accession was prior to the date of this memorandum; **AND**
>
> 2. The Service Member has submitted to the USCIS a complete application for naturalization that includes both a Form N-400 and a Form N-426, certifying the member's honorable service for purposes of naturalization, signed by a representative of the Military Department concerned, and USCIS has not adjudicated such application, or, if USCIS has granted such application, the member has not yet naturalized; **AND**
>
> 3. The Service Member has *not* completed all applicable screening and suitability requirements as set forth in Section 1, paragraph 2 above [the enhanced security screening that is the subject of the DHS/USCIS Security Screening Requirement].

(10/13/2017 Guidance at 4.) Following issuance of the October 13th Guidance, this Court issued an order granting plaintiffs leave to file an amended complaint, an amended motion for class certification, and a motion for preliminary injunctive relief confined to the issue of DOD's position regarding N-426s outlined in Section III of the October 13th Guidance. (Order, October 18, 2017, ECF No. 60.) Having received the parties' arguments on class certification at a hearing on October 27, 2017, the Court is now ready to rule.

## ANALYSIS

**I. LEGAL STANDARD**

A plaintiff seeking class certification must meet the two requirements set forth in Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *Garcia v. Johanns*, 444 F.3d 625, 631 (D.C. Cir. 2006). First, under Rule 23(a), all class actions must satisfy the four requirements of numerosity, commonality, typicality, and adequacy. Second, the suit must fit into one of the three types of class actions outlined in Rule 23(b)(1), (b)(2), and

3

(b)(3). The Court finds that this suit satisfies the Rule 23(a) requirements and that a class should be certified under Rule 23(b)(1)(A) and Rule 23(b)(2).

## II. CLASS DEFINITION

Plaintiffs define their proposed class as

all persons who:

(i) have enlisted in the Selected Reserve of the Ready Reserve ("Selected Reserve") through the Military Accessions Vital to the National Interest ("MAVNI") program;

(ii) have served honorably in the U.S. military through participation in at least one Selected Reserve drill period or in an active-duty status;

(iii) have received from the U.S. military executed Form N-426s certifying their honorable service as members of the Selected Reserve or in active-duty status;

(iv) have submitted N-400 Applications for Naturalization to United States Citizenship and Immigration Services ("USCIS"); and

(v) have had the processing or final adjudication of their naturalization applications (including naturalization itself) withheld or delayed because of (a) a final USCIS processing hold for MAVNIs, (b) a United States Department of Defense ("DoD") N-426 policy review, (c) a DoD N-426 recall/decertification policy, (d) enhanced DoD security screenings, (e) a DoD Consolidated Adjudications Facility ("CAF") adjudication, (f) a . . . national security determination, and/or (g) a . . . military service suitability vetting or determination.

(Class Mot. At 1–2.) The proposed class, at a minimum, consists of between 400 and 500 MAVNI soldiers. (Class Mot. at 2.) Because DOD's October 13th Guidance applies different standards to MAVNI enlistees who enlisted before Oct 13, 2017, the Court will limit the class to those who enlisted before October 13, 2017.

## III. RULE 23(a) REQUIREMENTS

Defendants contend that plaintiffs' proposed class fails to exhibit commonality, typicality, or adequacy. However, based on the record before the Court, it is satisfied that plaintiffs meet all of Rule 23(a)'s requirements.

### A. Numerosity

The numerosity inquiry turns on whether it would be too impracticable to join all members of the class individually and litigate the claims of each claims member on an individualized basis. *Nat'l Veterans Legal Servs. Program v. United States*, 235 F. Supp. 3d 32, 39 (D.D.C. 2017). Defendants do not dispute numerosity, and, based on the record before the Court, it is satisfied that the proposed class is sufficiently numerous. *Id.* at 40; *see also McCarthy v. Kleindienst*, 741 F.2d 1406, 1410 (D.C. Cir. 1984).

### B. Commonality

The commonality requirement is met when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *see also Wal-Mart Stores*, 564 U.S. at 350. Plaintiffs' claims "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Individuals in the proposed class share key factual characteristics that make this case amenable to class-wide resolution: All are members enlisted in the Selected Reserve through the MAVNI program, are serving honorably, have a valid N-426, have an outstanding application for naturalization being delayed by the DHS/USCIS Security Screening Requirement, and are subject to some or all of DOD's October 13th Guidance. Plaintiffs' legal claims involve the validity of the DHS/USCIS Security Screening Requirement and the October 13th Guidance, both of which are "uniform

5

polic[ies] or practice[s] that affect[] all class members." *DL v. District of Columbia*, 713 F.3d 120, 128 (D.C. Cir. 2013); *see also R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 181 (D.D.C. 2015).

Defendants assert that a multitude of factual differences prevent class certification: active-duty enlistees will likely have passed DOD's enhanced security screening, whereas Selected Reservists may still have security screenings pending; some members of the class could have improperly certified N-426s; DOD's background checks involve individualized and fact-specific inquiries; etc. Defendants also point out that plaintiffs' unreasonable-delay claim under 5 U.S.C. § 706(1) involves fact-specific inquiries and class members may have naturalization applications pending for varying amounts of time.

"However, 'factual variations among the class members will not defeat the commonality requirement, so long as a single aspect or feature of the claim is common to all proposed class members.'" *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 8 (D.D.C. 2010) (citation omitted). The Court acknowledges the factual variations among class members, but finds that they do not impact the overarching questions common to the class: (1) Do defendants have the legal authority to implement these policies and practices? (2) Did defendants implement their new policies and practices in accordance with the strictures of the APA? and (3) Do these policies and practices otherwise violate the Constitution, the APA, or other applicable law? As the Supreme Court has explained, even a single common question can satisfy the commonality requirement. *See Wal-Mart Stores*, 564 U.S. at 350, 359.[2]

---

[2] Although class members' naturalization applications may have applications with varying times of delay that could influence the type of relief this Court could grant, courts routinely certify classes in unreasonable-delay cases where a common issue exists regarding the legality of the government's policies and practices that serve as the reason for delay. *Kaplan v. Chertoff*, No. 06-cv-5304, 2008 WL 200108, at *7 (E.D. Pa. Jan. 24, 2008) (unpublished); *Santillan v. Ashcroft*, No. C 04-2686, 2004 WL 2297990, at *10, 12 (N.D. Cal. Oct. 12, 2004) (unpublished).

### C. Typicality

As to typicality, defendants make the same arguments concerning factual variations that the Court has already rejected. As defendants themselves acknowledge, the

> commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.

*Wal-Mart Stores*, 564 U.S. at 349 n.5 (citation omitted). Furthermore,

> [t]he facts and claims of each class member do not have to be identical to support a finding of typicality; rather, "[t]ypicality refers to the nature of the claims of the representative, not the individual characteristics of the plaintiff." The typicality requirement is satisfied "if each class member's claim arises from the same course of events that led to the claims of the representative parties and each class member makes similar legal arguments to prove the defendant's liability."

*Radosti v. Envision EMI, LLC*, 717 F. Supp. 2d 37, 52 (D.D.C. 2010) (second alteration in original) (internal citations omitted). Defendants are applying standardized, across-the-board policies to the class. The Court is not adjudicating naturalization applications or making individual N-426 determinations, it will merely decide (1) whether DHS/USCIS can postpone adjudication of naturalization applications pending completion of DOD's enhanced security screening, and (2) whether DOD can apply its October 13th Guidance to recall or de-certify N-426s that had previously been granted to members of the class.

### D. Adequacy and Appointment of Class Counsel

"Two criteria for determining the adequacy of representation are generally recognized: 1) the named representative must not have antagonistic or conflicting interests with the unnamed members of the class, and 2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Twelve John Does v. District of Columbia*, 117

F.3d 571, 575 (D.C. Cir. 1997) (citation omitted). In addition, under Rule 23(g), a court must consider the following factors in appointing class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1). Defendants make two main arguments regarding adequacy and appointment of class counsel.

First, defendants repeat their argument that factual differences between the named plaintiffs and the proposed class defeat adequacy. This argument fails for the same reasons that it does regarding commonality and typicality. *See Wal-Mart Stores*, 564 U.S. at 349 n.5; *Harris v. Koenig*, 271 F.R.D. 383, 390–91 (D.D.C. 2010) (finding that the defendants' argument about differences between named plaintiffs and class members failed to defeat commonality, typicality, or adequacy and noting that a district court has discretion to later consider creating subclasses should a conflict arise).

Second, without any legal support, defendants boldly assert that plaintiffs' counsel cannot adequately represent the class because plaintiffs' counsel has not demonstrated that they have handled plaintiffs' immigration matters in the class action context. Rule 23 does not require prospective class counsel to have such specific experience. *See* Fed. R. Civ. P. 23, Committee Notes on Rules—2003 Amendment ("In evaluating prospective class counsel, the court should weigh all pertinent factors. No single factor should necessarily be determinative in a given case.") Plaintiffs' counsel consists of a team of attorneys with experience in immigration law, military law, complex civil litigation, federal court litigation, and class-actions—representing both plaintiffs and defendants. (*See* 1st Baruch Decl., Aug. 11, 2017, ECF No. 30-3; 2d Baruch

8

Decl., Sept. 22, 2017, ECF No. 52-2.)  Furthermore, plaintiffs' counsel has contributed extensive time and resources to representation of plaintiffs and the proposed class and are part of a large global law firm that has committed to contributing extensive time and resources to representing plaintiffs and the proposed class.  (*See* 1st Baruch Decl., Aug. 11, 2017, ECF No. 30-3; 2d Baruch Decl., Sept. 22, 2017, ECF No. 52-2.)  Given counsel's knowledge, experience, resources, and commendable work already done in the case, the Court has no doubt that plaintiffs' counsel can adequately represent the class.  *See Encinas*, 265 F.R.D. at 9; *Vista Healthplan, Inc. v. Warner Holdings Co. III*, 246 F.R.D. 349, 358 (D.D.C. 2007); *see also Greenberg v. Colvin*, 63 F. Supp. 3d 37, 46–47 (D.D.C. 2014).

## IV.     RULE 23(b) REQUIREMENTS

Rule 23(b)(1)(A) permits a class action to proceed when "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class . . ." Fed. R. Civ. P. 23(b)(1)(A).  "Rule 23(b)(1)(A) certification is appropriate when the class seeks injunctive or declaratory relief to change an alleged ongoing course of conduct that is either legal or illegal as to all members of the class." *Adair v. England*, 209 F.R.D. 5, 12 (D.D.C. 2002).  In their opposition to plaintiffs' initial motion for class certification and in their supplemental opposition to plaintiffs' amended class certification motion, defendants failed to respond to plaintiffs' argument that the Court should certify the proposed class under Rule 23(b)(1)(A), and thus, defendants have conceded that class certification is appropriate under Rule 23(b)(1)(A).  *See Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002); *Bancoult v.*

*McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002).[3]  Upon review of the record, the Court is also independently satisfied that plaintiffs' proposed class meets the requirements of Rule 23(b)(1)(A).

The Court is also satisfied that plaintiffs' proposed class meets the requirements of Rule 23(b)(2). A class action may be maintained under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) applies "when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores*, 564 U.S. at 360. Defendants object to certification under Rule 23(b)(2) on similar grounds to their objections regarding commonality and typicality: there can be no final injunctive or declaratory relief appropriate for the class as a whole regarding the DHS/USCIS Security Screening Requirement or DOD's N-

---

[3] In their supplemental opposition to plaintiffs' amended class certification motion, defendants make one passing reference to Rule 23(b)(1)(B):

> [U]nless USCIS's decision to wait to schedule a MAVNI soldier for an N-400 interview until after DoD completes enhanced background checks is illegal under 8 U.S.C. §1440, which it is not, this Court will, at the conclusion of this case, ultimately deny class-wide relief on that claim. Such denial could impair a future putative *Nio* class member's ability to file his or her own lawsuit to challenge an individualized delay based on his or her own circumstances. *See* Fed. R. Civ. P. 23(b)(1)(B).

(Defs.' Supp. Opp. to Pls.' Mot. for Class Certification, Oct. 24, 2017, ECF No. 66, at 4–5.) This argument is irrelevant because the Court is not certifying the class under Rule 23(b)(1)(B), but even if it were relevant, the argument would be misguided because plaintiffs have represented that "the individualized assessments or particular circumstances of Plaintiffs or individual class members are not relevant here, [to plaintiffs' unreasonable-delay claims] where Plaintiffs are challenging Defendants' standardized, across-the-board policies that generally apply to the class." (Reply in Support of Pls.' Mot. for Class Certification and Appointment of Class Counsel, Sept. 22, 2017, ECF No. 52, at 9 n.7; *see also id.* at 11 ("Because Plaintiffs are seeking systemic relief, an individualized analysis of 'every naturalization application' is neither appropriate nor necessary.").)

426 policy because both involve individualized determinations about an enlistee's fitness. Again, plaintiffs are only challenging the application of standardized policies that generally apply to the class: (1) Can USCIS hold applications pending the outcome of DOD's screening? and (2) Can DOD rescind N-426s based on its October 13th Guidance? Enjoining these broad policies or declaring them unlawful is appropriate relief under Rule 23(b)(2).

## CONCLUSION

For the reasons stated above the Court grants plaintiffs' amended motion for class certification and appointment of class counsel as further detailed in the Court's accompanying Order, ECF No. 72.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: October 27, 2017