UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KUSUMA NIO, *et al.*, | ) ) ) ) ) |
| PLAINTIFFS, | ) ) ) | Case No. 1:17-cv-00998-ESH |
| v. | ) ) ) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) ) ) |
| DEFENDANTS. | ) ) ) ) ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO FILE REPORT**

On September 5, 2018, Defendants filed two motions, albeit in one submission. First, Defendants seek an additional one-week extension of time — this time until September 13, 2018 — to file their periodic status report. Second, Defendants seek a protective order that would preclude individual class members from learning and acting on information particular to their MSSD and naturalization status.

In this response, Plaintiffs address *only* the motion for extension of time. As may be necessary, Plaintiffs will respond to the motion for protective order — with an opposition memorandum — within the time period permitted under the local rules.[1]

---

[1] Pursuant to the Court's Minute Order dated September 5, 2018, Plaintiffs will meet and confer with Defendants with respect to protective order language to govern information provided in Defendants' reporting and will file an opposition only as may be necessary following the meet and confer.

1

Less than 24 hours before their long-standing Court-ordered and already once-extended deadline to file an updated status report regarding all *Nio* class members — including updates regarding any class members who are close to the 3-year "time out" rule that may result in their discharge from the Army — Defendants request an additional one-week extension to submit that report. Defendants contend that this additional time "may" be necessary in order to enable Defendants to address the multiple errors and questions raised by Plaintiffs with respect to the draft report.

As Plaintiffs have expressed on many occasions, their overarching goal with respect to these Court-ordered reports is to ensure that there is timely and accurate information regarding class members who are seeking naturalization. Defendants suggest in their Motion that they will use the extra time to investigate, respond to, and correct "all" of the errors and systemic problems Plaintiffs have identified with the draft report. If that is the case, Plaintiffs can agree to the extension. But Plaintiffs have concerns based on the following:

1. Since early 2018, the Court has ordered periodic, class-wide reporting by Defendants. Initially, the Court ordered the reporting every four weeks. The Court then granted Defendants' request to extend the reporting cycle to every six weeks, provided that Defendants first provide Plaintiffs with a draft of the report two weeks ahead of the extended deadline to enable Plaintiffs to identify errors and problems and for Defendants to correct them in the six-week filing.

2. The first six-week cycle report was "filed" on July 20, 2018. Dkt. 170. Ahead of that filing, Defendants provided a draft to Plaintiffs' counsel. Five business days prior to Defendants' six-week filing deadline, Plaintiffs identified numerous errors with the report, raised multiple questions regarding inconsistencies with the draft, and noted that many of the problems identified with the draft appeared to be systemic in nature.


3. Notwithstanding Plaintiffs' correspondence identifying errors with the reporting, Defendants appeared to make almost no changes to the draft report and did not respond to any of the questions Plaintiffs had raised, even though Defendants acknowledged that they had adequate time to address Plaintiffs' correspondence.

4. And, when Defendants provided Plaintiffs with the draft of the report that was due to be filed on September 6, 2018, most of the errors identified in advance of the July reporting remained uncorrected. After receiving the draft, Plaintiffs' counsel continued to identify and bring to Defendants' attention material errors with that draft. However, Defendants refused to acknowledge any of the reporting issues brought to their attention much less confirm for Plaintiffs whether they already had been addressed (meaning that there was no need for Plaintiffs to repeat them yet again). As a result, on August 30, 2018, one week before the September 6 deadline (the same interval as applied to the July reporting), Plaintiffs identified new errors with the draft report and reminded Defendants that most of the errors and problems previously identified by Plaintiffs' counsel had not been addressed.

5. By email on September 4, two days before the filing deadline, Defendants first gave notice of their request for another one-week extension. (Defendants previously sought and obtained a one week extension from the original August 31 report date.)

6. Plaintiffs promptly responded as follows: "If Plaintiffs agree to the extension, are defendants committing to address and respond to the all of the outstanding problems and concerns identified in Plaintiffs' email from last week and their prior emails concerning deficiencies with Defendants' reporting? If not, which concerns do Defendants intend to respond to and why is additional time needed to respond to those?"

7. Later that day, Defendants responded in relevant part: "[W]e ask you to agree to another week, so that our reporting to the court may be as accurate as possible. We are not committing, though, to responding to all of your queries. Rather, we simply want the report that the Court ordered to be as accurate as USCIS and Army counsel can make it, given that they want to look into what you have raised." Defendants then filed their Motion without any further discussion.

Under these circumstances, Plaintiffs believe that Defendants have had more than ample time — seven weeks — to update the class member information for their report. The Court already granted Defendants additional time from the initial four-week intervals and Defendants have never before contended that they could not comply with this reporting cycle. Further, this report was due under the six-week intervals on August 31, but already the Court provided Defendants with a one-week extension, to September 6.

The fact that Defendants provide a draft report to Plaintiffs two weeks ahead of the reporting deadline does not alter anything. Defendants have an independent, stand-alone duty to ensure that their reporting is as accurate as possible, whether or not Plaintiffs' counsel sees a draft. Plaintiffs' counsel's input on the draft report one week in advance can only facilitate Defendants' duty to provide accurate information.

Yet, there is no evidence that Defendants investigated or made any significant corrections to their July report, notwithstanding the detailed information Plaintiffs provided in advance of that report. Defendants' motion and accompanying declaration give no indication that Defendants took any such action. As such, the reality is that Defendants now have had more than eight weeks to investigate and correct the errors and problems Plaintiffs identified in advance of the July report

and they have had several weeks to address the multiple reporting errors that Plaintiffs have identified in the interim period.

It appears that Defendants only now are committing to "investigate all of the alleged errors and omissions." Dkt. 180 at 2. *See also* Dkt. 180-1 (Hoefer Decl.) at ¶ 5 ("[USCIS Office of Performance and Quality] has been able to determine from USCIS databases whether some of the purported errors and omissions require corrections to the draft report; however, many of the plaintiffs' concerns require additional information from DoD or other offices within USCIS. Due to the coordinated effort that is necessary to address the *Nio* plaintiffs' concerns, as well as the large number of individuals they named, and the fact that they provided their concerns just four business days before the due date set by the Court, it may be impossible to address all of the alleged errors and omissions by the due date of Thursday, September 6, 2018.").[2]

As noted, Plaintiffs' overriding concern is that class members and the Court receive accurate and up-to-date reporting information from Defendants. Therefore, provided that Defendants actually address the errors and omissions identified to date with respect to the reporting, Plaintiffs will not object to this one-week delay.

However, the Court should be aware that the information in the report will be dated by the time Defendants provide it, as Defendants have not committed to bringing the information up to date with the one-week extension. Thus, the information will be over a month old by the time Defendants file the report.

---

[2] The Court should not be misled by Mr. Hoefer's declaration. While it may be the case that his USCIS unit did not receive Plaintiffs' list of errors and omissions with respect to the draft September 6 report until August 31, Plaintiffs actually reviewed and responded to the draft report on August 30, one week prior to the report due date.. Moreover, as noted, much of the information in Plaintiffs' August 30 email repeated the errors and omissions that Plaintiffs identified for Defendants weeks earlier. Mr. Hoefer provides no evidence as to what, if anything, USCIS did with respect to that earlier information.

\*\*\*

For all the foregoing reasons, Plaintiffs respectfully request that Defendants' motion be granted on the condition that Defendants use the additional time to verify and as necessary correct the information in the report and respond to the errors and omissions identified by Plaintiffs.

Dated:  September 6, 2018						Respectfully submitted,


							 /s/ Douglas W. Baruch
							Douglas W. Baruch (D.C. Bar No. 414354)
							Jennifer M. Wollenberg (D.C. Bar No. 494895)
							Kayla Stachniak Kaplan (D.C. Bar No. 996635)
							Neaha P. Raol (D.C. Bar No. 1005816)
							Katherine L. St. Romain (D.C. Bar No. 1035008)
							Fried, Frank, Harris, Shriver & Jacobson LLP
							801 17th Street, NW
							Washington, D.C. 20006
							Telephone:  (202) 639-7000
							Facsimile:   (202) 639-7003
							Email: douglas.baruch@friedfrank.com
							Email: jennifer.wollenberg@friedfrank.com

							*Counsel for Plaintiffs and the Class*