# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KUSUMA NIO**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**, *et al.*,<br><br>Defendants. | Civil Action No. 17-0998 (ESH) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Strike Portions of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment and Defendants' Cross Motion for Summary Judgment. (Pls.' Mot. to Strike Cross Mot. for Summ. J. (Portions), Dec. 21, 2018 (ECF No. 226) ("Mot. to Strike").) Plaintiffs argue that "portions" of defendants' cross motion for summary judgment (Defs.' Cross Mot. for Summ. J., Nov. 30, 2018 (ECF No. 219) ("Cross Mot.")) should be stricken because it (1) cites documents outside the administrative record, (2) incorporates by reference previous pleadings and thereby "circumvent[s] page limits," and (3) misstates administrative record facts. (Mot. to Strike at 1.) For the reasons stated herein, the motion to strike is denied.

Related to the present motion, pending before the Court are the parties' cross motions for partial summary judgment. (*See* Pls.' Mot. for Partial Summ. J., Aug. 13, 2018 (ECF No. 177); Cross Mot.) Plaintiffs challenge policies of U.S. Citizenship and Immigration Services ("USCIS") relating to the processing of naturalization applications of foreign nationals who enlisted in the U.S. Army via the Military Accessions Vital to the National Interest ("MAVNI")

program. On July 7, 2017, USCIS issued an internal guidance (the "July 7 Guidance") instructing that a MAVNI's naturalization application is not to be processed until the U.S. Department of Defense ("DOD") has completed all enhanced security checks for MAVNI recruits. (USCIS Administrative Record at 5 ("USCIS AR").)

Plaintiffs challenge the July 7 Guidance under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(2), 553, 552. Accordingly, the Court's review is restricted in scope. *See, e.g.*, *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981) ("It is well settled that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made."); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). A "noted exception to the general rule" permits courts to look outside the administrative record for certain limited purposes. *Envtl. Def. Fund*, 657 F.2d at 285. Where there is such a "failure to explain administrative action as to frustrate effective judicial review," the court may "obtain from the agency, either through affidavits or testimony such additional explanation of the reasons for the agency decision as may prove necessary." *Camp*, 411 U.S. at 142-43. Extra-record materials, however, must be "merely explanatory of the original record and should contain no new rationalizations." *Envtl. Def. Fund*, 657 F.2d at 285 (citing *Bunker Hill Co. v. EPA*, 572 F.2d 1286, 1292 (9th Cir. 1977)); *see also id.* ("If the reviewing court finds it necessary to go outside the administrative record, it should consider evidence relevant to the substantive merits of the agency action only for background information. . . .") (quoting *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980)).

With these parameters in mind, the Court has already considered and ruled upon the

2

question of whether and for what purposes the parties may cite materials from outside the administrative record.[1]  Plaintiffs previously filed a remarkably similar motion to strike defendants' first opposition and cross motion.  (Pls.' Mot. to Strike, Oct. 19, 2018 (ECF No. 204) ("First Mot. to Strike"); *see also* Defs.' Cross Mot. for Summ. J. & Opp'n to Pls.' Mot. for Summ. J., Sept. 14, 2018 (ECF No. 186).)  In considering that motion, the Court instructed the parties that while arguments about the justification for the July 7 Guidance must be based on the administrative record, other materials could be cited "to rebut some of [plaintiffs'] arguments that are not focused strictly on what was the rationale for [the July 7 Guidance]. . . . [I]n terms of justifying what you did on July 7th, you're limited to the administrative record."  (Tr. of Teleconference at 37, Nov. 7, 2018 (ECF No. 223).)  In its order granting the motion in part, the Court specified certain extra-record documents that could be cited for these purposes, but in no way did it mean to imply that these citations were the only ones that could be used as rebuttal:

> defendants may cite the July 28, 2017 Miller declaration (ECF No. 25-2) and documents from the DoD administrative record (*see* ECF No. 81) if necessary to rebut plaintiffs' arguments.  Defendants also may cite any portion of the July 7, 2018 Miller declaration (ECF No. 19-7) if necessary to rebut plaintiffs' arguments.

(Order, Nov. 15, 2018 (ECF No. 217).)

Defendants subsequently re-filed their cross motion, and plaintiffs have now filed a second motion to strike essentially complaining about the same issues that they had raised before.  They continue to complain about citations to documents outside the administrative

---

[1] The administrative record for the July 7 Guidance initially was compiled by USCIS.  (*See* Administrative Record Index, Mar. 1, 2018 (ECF No. 111).)  Subsequently the Court ordered that certain additional declarations and contemporaneous documents would be considered part of the administrative record, and that plaintiffs also could file other specific documents as appendices to their pleadings.  (*See* Order at 1, Apr. 12, 2018 (ECF No. 135); *see also* Index of Administrative Record, Nov. 9, 2018 (ECF No. 216-1); Index of Pls.' Appendix, Nov. 9, 2018 (ECF No. 216-2).)

record, but go on to cite examples that are permissible under the Court's Order. For example, plaintiffs accuse defendants of citing extra-record documents to "try to avoid one of the factors they failed to consider – the DoD 'time-out' policy." (Mot. to Strike at 5.) Contrary to plaintiffs' argument, in the allegedly offending passages defendants point to extra-record documents to rebut plaintiffs' argument that USCIS failed to consider the possibility that soldiers would become ineligible to naturalize if they "timed out" of the MAVNI program (*i.e.*, were enlisted through the program for two years before accession) before DOD completed their final Military Security Suitability Determination ("MSSD"). (*See* Cross Mot. at 33-34 (citing defendants' filing of June 15, 2018 (ECF No. 157), which responded to, among other things, an inquiry from the Court regarding the possibility of MAVNI soldiers timing out of the program; and the DOD Memo of July 27, 2018 (ECF No. 26), which officially extended the time-out policy from two to three years).) These two documents explain that the time-out policy was extended from two to three years within weeks of the July 7 Guidance, and as a result, no class member was affected by the two-year rule.

Plaintiffs also attempt to restrict defendants' use of extra-record materials that have been cited as background information. The Court did not previously address specifically the use of documents outside the record for purposes of background, but it is well established that the parties and the Court may look outside the administrative record if necessary to understand the background and context. *See Envtl. Def. Fund*, 657 F.2d at 285 (explaining that extra-record materials may be cited only as "merely explanatory of the original record"). Here, the Court must rely on certain additional background information to understand the MAVNI program, how it operated both before and after the July 7 Guidance, and the relationship between DOD's

regulatory requirements for MAVNIs and USCIS's criteria for naturalization.[2] Given the complexity of this program, it is not possible to view the July 7 Guidance in isolation. While the parties may not use extra-record documents to provide post-hoc rationalizations for the July 7 Guidance, necessary background information and rebuttal arguments are not limited to the administrative record. *See Envtl. Def. Fund*, 657 F.2d at 285; *see also* Order, Nov. 15, 2018 ("Defendants may not cite the March 22, 2018 Renaud declaration (ECF No. 128-1) to explain the USCIS July 7 Policy.").)[3]

Plaintiffs next argue that the Court should strike unspecified portions of defendants' cross motion because they incorporate by reference previously filed briefs, thereby circumventing page limits. (*See* Mot. to Strike at 6-7.) It is true that a party may not incorporate by reference an argument made at an earlier stage of the litigation in order to "evade word limits." *See Al-Tamimi v. Adelson*, 2019 WL 660919 at *3 (D.C. Cir. Feb. 19, 2019) (citing *Gerlich v. DOJ*, 711 F.3d 161, 173 (D.C. Cir. 2013); *Davis v. PBGC*, 734 F.3d 1161, 1167 (D.C. Cir. 2013)). At the same time, motions to strike generally are "disfavored," *Capitol Sprinkler Inspection, Inc. v. Guest Serv., Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011) (quoting *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distrib.*, 647 F.2d 200, 201 (D.C. Cir. 1981)), and without a showing of prejudice, they need not be granted. *See, e.g.*, *Phillips v. Mabus*, 319 F.R.D. 36, 38-39 (D.D.C.

---

[2] For that reason, contrary to plaintiffs' argument (*see* Mot. to Strike at 9 n.3), the Court is not constrained by the administrative record if it needs to consult DOD's Adjudicative Guidelines or other DOD manuals to understand if DOD's background checks are relevant to a "MAVNI recruit's eligibility for naturalization." (July 7 Guidance at 1 (USCIS AR 4).)

[3] Plaintiffs also complain about defendants' reference to a criminal complaint alleging violations by a MAVNI recruit. (Mot. to Strike at 4 (citing Cross Mot. at 22 n.12).) Defendants agree that this complaint is not part of the administrative record. (*See* Defs.' Opp'n to Mot. to Strike at 5, Feb. 15, 2019 (ECF No. 238).) Since defendants do not rely on it as a justification for the July 7 Guidance, there is no reason to strike this reference. The Court knows not to rely on extra-record citations in its analysis of whether defendants' actions complied with the APA.

2016) (denying a motion to strike where doing so would "not result in any undue prejudice" to the moving party).

Plaintiffs point to defendants' references to "prior filings," "arguments," and "the Statutory and Regulatory Backgrounds of the naturalization process" as described in previous briefs. (Mot. to Strike at 6-7 (quoting Cross Mot. at 3, 33-34, 4 n.3, 46 n.23).) These cross-references do not directly relate to the issue before the Court—the rationale for the July 7 Guidance—so there is no issue of evading page limits. Nor have plaintiffs shown that failure to strike portions of the cross motion would result in any prejudice to them. Furthermore, it is ironic that plaintiffs complain about defendants' evasion of page limits. Plaintiffs have now filed two motions to strike, totaling 22 pages, that include many arguments that properly belong in their summary judgment pleadings. Plaintiffs' first motion to strike contained the same argument about incorporations by reference (*see* First Mot. to Strike at 9-10 (citing the same passages as those cited in the present motion)), and while the Court ultimately ordered defendants to re-file the cross motion omitting citations that were improper for other reasons, the Court did not consider the argument about incorporation by reference to be sufficiently meritorious to warrant comment the first time, and it is no more persuasive this time.

Finally, plaintiffs argue that defendants rely on facts that are not supported by their citations because they constitute material misstatements of the underlying documents. (*See* Mot. to Strike at 8-10.) Even assuming *arguendo* that plaintiffs were correct, these are the very arguments that belong in the summary judgment pleadings. Indeed, plaintiffs make the same argument in their reply brief and need not repeat it here. (*See* Pls.' Reply to Opp'n to Mot. for Partial Summ. J. & Opp'n to Defs.' Cross Mot. at 17-19, Dec. 21, 2018 (ECF No. 227).) In addition, plaintiffs contend that "most egregious" among defendants' purported misstatements of

the record is defendants' argument that the MSSD is the "conclusion" of the "enhanced DoD security check[]" process, rather than a separate adjudicatory step as plaintiffs argue. (Mot. to Strike at 9 (citing the July 7 Guidance).) This is an issue of what is a fair inference based on the record, and as is clear from the pleadings, the parties' characterization of the record is often diametrically opposed. Thus, contrary to plaintiffs' argument (*see* Mot. to Strike at 10), there are often disputes about "facts" in the administrative record or facts are cited as support for a host of conflicting arguments. Apropos, the Court must note that the hypothetical attributed to the Court during a conference call was in no way meant (as plaintiffs suggest (*see* Mot. to Strike at 9)), to be a finding of a "gaping hole" in the administrative record or an endorsement of plaintiffs' position that the MSSD was not known to USCIS until after July 7, 2017. Rather, this is a central question on summary judgment, not a matter of misstatement of the record.

In deciding the parties' summary judgment motions, the Court will disregard any arguments it determines to be unsupported by the USCIS administrative record. To do so, the Court need not strike unspecified portions of defendants' pleading that plaintiffs argue are contrary to their interpretation of the record.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion to Strike, ECF No. 226, is **DENIED**.

**SO ORDERED.**

/s/ Ellen S. Huvelle<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

Date: March 4, 2019