IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KUSUMA NIO, *et al.*, | |
| Plaintiffs, | Civil Action No. 17-0998 (PLF) |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Defendants. | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT REGARDING PLAINTIFFS'
CLAIMS FOR EQUAL ACCESS TO JUSTICE ACT ATTORNEYS' FEES AND COSTS**

Plaintiffs Kusuma Nio, *et al.*, on behalf of themselves and the certified class, and

Defendants the United States Department of Homeland Security, *et al.*, respectfully move this

Court for approval of the Parties' Settlement Agreement resolving Plaintiffs' claims for Equal

Access to Justice Act attorneys' fees and costs (attached hereto as Exhibit A and referred to as the

"Agreement").

Under Immigration and Nationality Act § 329 (8 U.S.C. § 1440), certain noncitizen soldiers

who have served honorably during designated periods of hostilities are eligible for naturalization.

This case involved Plaintiffs' challenges to Defendants' policies impacting the processing of

naturalization applications of soldiers who enlisted in the United States Armed Forces through the

Military Accessions Vital to the National Interest ("MAVNI") program.  After certifying a class

on October 27, 2017 (ECF Nos. 72, 73), the Court resolved this case on the merits in August 2020

when it entered judgment for Plaintiffs, vacating a U.S. Citizenship and Immigration Services

("USCIS") policy and granting a permanent injunction against Defendants relating to a

Department of Defense ("DoD") policy. *See* ECF No 307. Plaintiffs did not seek, and the Court

did not award, any monetary remedy.  In November 2020, Defendants voluntarily dismissed their

appeal before briefing.

Thus, for nearly two years the sole remaining issue in this litigation has been Plaintiffs' claim for attorneys' fees, costs, and other expenses under the Equal Access to Justice Act ("EAJA"). After extensive arm's-length negotiations facilitated by Magistrate Judge G. Michael Harvey acting as mediator, the Parties have agreed to settle that claim for a total amount of $2,750,000. This attorneys' fees settlement is fair and reasonable, and the Parties respectfully request that the Court approve the Agreement.

## I.    PLAINTIFFS' CLAIM FOR FEES AND COSTS UNDER THE EAJA

Under the EAJA, a prevailing party may recover attorneys' fees, costs, and other expenses from the government in at least two different circumstances. First, 28 U.S.C. § 2412(b) "makes '[t]he United States . . . liable for [attorneys'] fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." *American Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 219 (D.C. Cir. 1991). Second, the EAJA provides for recovery of fees and expenses in non-tort cases "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(2)(B). So long as the prevailing party meets the net worth limitation, as the named Plaintiffs attest here, the "court shall award to a prevailing party other than the United States fees and other expenses." 28 U.S.C. § 2412(d)(2)(B). Once a plaintiff establishes that he or she is a "prevailing party" and alleges the government's position was not "substantially justified," the burden shifts to the government on the substantial justification issue. *Doty v. United States*, 71 F.3d 384, 385 (Fed. Cir. 1995). The government also bears the burden of proving that there are "special circumstances" which foreclose a fee award. *Id*. Fees awarded under § 2412(d)(2)(B) are based on an hourly rate of "$125 per hour unless the

court determines that an increase in the cost of living[1] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).[2]

The Parties' litigation positions with respect to an award of EAJA attorneys' fees, costs, and expenses in this case are laid out in the full briefing that was submitted to the Court. ECF Nos. 319, 326, and 327.

## II.    THE SETTLEMENT AGREEMENT

In order to avoid further litigation, the Parties have reached an Agreement resolving their attorneys' fees dispute. This Agreement was reached following lengthy correspondence setting out the parties' respective positions, full briefing of the EAJA merits, and two mediation sessions conducted by Magistrate Judge Harvey (ECF Nos. 330 and 331), all over an approximately 18-month period between February 2021 and August 2022. These arms' length negotiations led to a compromise agreement under which Defendants will pay $2,750,000 to resolve Plaintiffs' claims for attorneys' fees and costs.

Under Rule 23(h), the Court "may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Plaintiffs and Defendants agree that this settlement is reasonable in light of the time and expense required to fully litigate this matter, the result obtained for the class, and the risks to each side of further litigation on this subject. The

---

[1] The EAJA statutory rate routinely is adjusted for an increase in the cost of living. *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 969 (D.C. Cir. 2004).

[2] In Plaintiffs' view, under 28 U.S.C. § 2412(b), and consistent with the common law, the government is liable to a prevailing party either "where [] bad faith (1) occurred in connection with the litigation, or (2) was an aspect of the conduct giving rise to the lawsuit." *American Hosp. Ass'n*, 938 F.2d at 219. In Plaintiffs' view, "[n]o statutory ceiling on the hourly rate used to calculate fees under § 2412(b) exists; thus, an award of attorney fees for bad faith can be calculated at market rates." *Gray Panthers Project Fund v. Thompson*, 304 F. Supp. 2d 36, 39 (D.D.C. 2004).

Agreement is a sensible compromise in light of both sides' potential risks and benefits in further litigation and conserves both party and judicial resources.

Notably, the Agreement does not affect the rights of the Plaintiffs or the class because: (1) their claims in the case were long-ago separately resolved by final judgment; (2) the named Plaintiffs assigned any claim for fees to their pro bono counsel at the outset of the litigation; (3) and the settlement is not drawn from a common fund (and, in any case, the litigation did not seek or result in a monetary recovery by the Plaintiff class).

## III.    NOTIFICATION TO THE CLASS

Within one business day of the filing of this joint motion, class counsel will publish the instant joint motion and the attached settlement agreement on the "class action website" maintained by class counsel and used to communicate with class members about this and related litigation (https://dcfederalcourtmavniclasslitigation.org) along with directions for how class members may communicate with counsel concerning the attorneys' fees settlement.

After the notice has been posted to the website for two full weeks, class counsel will file a notice with the Court summarizing and attaching any responses from class members to the proposed attorneys' fees settlement agreement.

## IV.    CONCLUSION

For all of these reasons, the Parties respectfully ask the Court to grant this Motion, enter an order approving the Agreement, and award attorneys' fees, costs, and expenses to Plaintiffs in the amount of $2,750,000.  *See Kirwa, et al., v. United States Dep't of Defense, et al.*, Case No. 1:17-cv-01793-PLF, 2022 WL 160104 (D.D.C. Jan. 18, 2022) (Friedman, J.) (approving a separate post-judgment EAJA settlement in a related MAVNI case).

Dated: October 18, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

/s/ Jennifer M. Wollenberg

Jennifer M. Wollenberg (D.C. Bar No. 494895)
Douglas W. Baruch (D.C. Bar No. 414354)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  +1.202.739.3000
Facsimile:  +1.202.739.3001
jennifer.wollenberg@morganlewis.com
douglas.baruch@morganlewis.com

*Attorneys for Plaintiffs and
the Certified Class*

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

SARAH L. VUONG
Senior Litigation Counsel

 /s/ Jordan K. Hummel

JORDAN K. HUMMEL
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
(202) 305-7000 (facsimile)
(202) 598-8175 (office)
jordan.hummel@usdoj.gov

*Attorneys for Defendants*